### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HAMLET R. PHILLIP, JR.[,] and STEPHANIE ) <br> PHILLIP, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> RHETT J. SCHELHORN and UNITED ) <br> STATES OF AMERICA, ) <br> ) <br> **Defendants.** ) <br> ) | **Case No. 3:19-cv-0072** |

### <u>ORDER</u>

**BEFORE THE COURT** is Defendant United States' Motion to Dismiss ("Mot.") (ECF No. 39) and memorandum in support thereof (ECF No. 40), filed October 5, 2020. Plaintiffs filed an opposition to the motion (*see* ECF No. 69) on March 16, 2021. On March 30, 2021, the United States filed Defendant United States' Motion to Strike Plaintiffs' Opposition to Motion to Dismiss and Reply to Plaintiffs' Opposition (ECF No. 72). For the reasons stated below, the Court will grant the motion to dismiss.

### I.

Plaintiffs allege that "[o]n or about October 10, 2017, at approximately 8:48 p.m. in St. Thomas, U.S. Virgin Islands, . . . Defendant,[sic] Schelhorn . . . drove the vehicle [he was operating] out of his lane of travel and into the . . . vehicle owned and operated by Plaintiff,[sic] Hamlet Phillip, Jr. . . ." First Amended Complaint ("FAC") (ECF No. 33) at ¶ 5. Plaintiffs also allege that, at the time of the alleged collision, Schelhorn "was operating a vehicle either,[sic] within the course and of his employment/agency with Defendant,[sic] USA . . . [or] outside the course and scope of his employment/agency and, therefore, is personally liable" for the collision. *Id*. Plaintiffs further allege that Plaintiff Hamlet Phillip, Jr., sustained physical injuries and damage to his vehicle as a result of the alleged collision. *Id*. at ¶ 6. Plaintiff Stephanie Phillip sues Defendants for "loss of consortium and services" as the wife of Plaintiff Hamlet Phillip, Jr. *Id*. at 4, ¶¶ 2, 11.

In addition to the common law negligence claim against Defendant Schelhorn in Count I[1] and Plaintiff Stephanie Phillip's loss of consortium claim in Count II, the FAC contains two specific counts against the United States: Count III – Respondeat Superior and Count IV – Negligent Entrustment. The United States moves to dismiss the "complaint with prejudice for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1)." Mot. at 1.

## II.

Federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction only. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). In the matter at bar, Plaintiffs assert that the Court "has jurisdiction pursuant to 28 U.S.C. § 1332,[2] due to the Defendants being a Federal [sic] governmental employee and the Federal [sic] ~~agency~~ [sic] Government, respectively." FAC at ¶ 1. Defendant United States contends that the Court lacks subject matter jurisdiction based upon the facts that 1.) it is liable under the Federal Tort Claims Act (FTCA), found at 28 U.S.C. §§ 2671 *et seq.*, for the negligent acts of a governmental employee only if those acts occurred "while acting within the scope of his office or employment," 28 U.S.C. § 1346(b)(1), and 2.) Defendant Schelhorn was not acting within the scope of his employment at the time and location of the alleged collision. Defendant United States of

---

[1] To the extent this count alleges a common law negligence claim against Defendant Schelhorn, individually, acting outside the scope of his employment, in the face of the Court's finding that it lacks federal question jurisdiction and, in the absence of diversity jurisdiction (*see* Note 2, *infra*), the Court lacks jurisdiction over this count, and it will be dismissed.

[2] Section 1332 of Title 28 of the United States Code governs diversity of citizenship jurisdiction, not federal question, which is found in Section 1331. The Court believes this citation to be a typographical error because of the clarifying clause that follows the citation and the lack of any allegation in the FAC concerning an alleged amount in controversy. In the event Plaintiffs attempt to allege diversity jurisdiction, such basis for jurisdiction fails because of the absence of any allegation regarding the amount in controversy and because the United States is not considered as a citizen for purposes of diversity jurisdiction. *See, e.g., Harpster v. FBI*, 8:22CV97, 2022 U.S. Dist. LEXIS 126932, at *3 (D. Neb. July 18, 2022) ("[T]he United States and its agencies are not citizens for diversity purposes and cannot be sued in diversity." (collecting cases)). Therefore, the Court cannot exercise diversity jurisdiction. Hence, the Court addresses only federal question jurisdiction herein.

America's Memorandum in Support of Motion to Dismiss ("Mem.") (ECF No. 40) at 4-5. Upon review of the FAC and the record herein and for the reasons stated below, the Court will grant the motion to dismiss for lack of jurisdiction, albeit for reasons other than those advocated by the United States.

### III.

Plaintiffs allege claims of *respondeat superior* and negligent entrustment against the United States.[3] It is axiomatic that the

> [d]octrine of sovereign immunity shields the United States from suit where it has not "unequivocally expressed" consent to be sued. *United States v. Bormes*, 568 U.S. 6, 10, 133 S. Ct. 12, 184 L. Ed. 2d 317 (2012). Sovereign immunity goes directly to subject matter jurisdiction. *See Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction."); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

*Honore v. U.S. Dep't of Agriculture*, Civil Action No. 2016-0055, 2022 U.S. Dist. LEXIS 178710, at *8 (D.V.I. Sept. 30, 2022). The United States has waived immunity in certain circumstances for certain tort claims by way of the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 *et. seq.*[4] These claims are exclusively within the jurisdiction of the federal district courts under 28 U.S.C. § 1346(b).[5] Although Plaintiffs neither cite nor reference the FTCA in their FAC, the act "'provides the exclusive remedy for nonconstitutional torts based on the negligent or

---

[3] The United States' Memorandum in Support of Motion to Dismiss (as well as its reply to Plaintiffs' opposition) is silent regarding Plaintiffs' claim of negligent entrustment asserted directly against the United States. *See* Mem. (ECF No. 40) and ECF No. 72 *passim*.

[4] Under the FTCA, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. . . ." 28 U.S.C. § 2674.

[5] Section 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.S. § 1346(b)(1).

wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Chebbani v. United States Dep't of Agric.*, Civil No. 5:21-cv-04298-JMG, 2023 U.S. Dist. LEXIS 183395, *57 (E.D. Pa. Oct. 11, 2023) (quoting *Couden v. Duffy*, 446 F.3d 483, 498, n.10 (3d Cir. 2006) (citing 28 U.S.C. § 2679(b)(1))); *see also Moneyham v. United States*, Civil Action No. 3:17-cv-01798, 2019 U.S. Dist. LEXIS 153152, at *9 (M.D. Pa. Sept. 6, 2019) ("The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and its employees. *See* 28 U.S.C. 1346; *id.* § 2679(b)).[6] Thus, the Court turns to the requirements of the FTCA.

It is true that the United States may be held liable for certain common law torts under the FTCA. It is also true that before filing such a civil suit against the United States, a plaintiff must exhaust his administrative remedies. Section 2675 of Title 28 of the United States Code provides, in part:

> An action *shall not* be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a) (emphasis added). Our sister court for the Western District of Pennsylvania, in a medical negligence action against the United States, recently stated, "When the United States is a defendant in a tort claim lawsuit (as it is here), a plaintiff must exhaust all administrative remedies before instituting a claim against the United States. 28 U.S.C. § 2675(a)." *McCann v. United States*, 23cv1301, 2023 U.S. Dist. LEXIS 201887, at *9 (W.D. Pa. Nov. 9, 2023); *see also, e.g.,* *Weir v. FBI*, Civil Action No. 2:23-439, 2023 U.S. Dist. LEXIS 155394, at *4 (W.D. Pa. Sept. 1, 2023) (where the court states that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))). The *Weir* court further

---

[6] Plaintiffs acknowledge this exclusivity of remedy in their opposition to the motion. *See* ECF No. 69 at 1.

observes: "The Court of Appeals has held that a complaint filed prior to the time that administrative remedies have been exhausted is premature and must be dismissed." *Weir*, 2023 U.S. Dist. LEXIS 155394, at *4 (citing *Accolla v. United States Gov't*, 369 F. App'x 408, 410 (3d Cir. 2010) (dismissing complaint as premature because it was filed prior to exhaustion being completed; subsequent completion of exhaustion does not cure the defect) (other citation omitted)). Moreover, exhaustion of administrative remedies is jurisdictional and not waivable. *See, e.g., Priovolos v. FBI*, 686 F. App'x 150, 152 (3d Cir. 2017) ("Federal courts cannot assume jurisdiction over FTCA claims until the plaintiff has first presented his claim to the appropriate federal agency and the claim has been denied. 28 U.S.C. § 2675(a) . . . This exhaustion requirement 'is jurisdictional and cannot be waived.' (citing *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010) and quoting *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003)); *Moneyham v. United States*, Civil Action No. 3:17-cv-01798, 2019 U.S. Dist. LEXIS 153152, at *9 (M.D. Pa. Sept. 6, 2019) ("The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and its employees. *See* 28 U.S.C. § 1346; *id.* § 2679(b). '[S]trict adherence to the terms and requirement of the FTCA is jurisdictional and cannot be waived.' *Dilg v. U.S. Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1986).").

The record shows that Plaintiff Hamlet Phillip, Jr., filed an administrative tort claim with Western Area Power Administration ("WAPA") on or about July 9, 2019. *See* ECF No. 40-3.[7] Plaintiffs initiated this action by the filing of their original complaint with the Court on September 13, 2019. S*ee* ECF No. 1. The record is devoid of any evidence of a written

---

[7] The Court notes that the administrative claim filed by Plaintiff Hamlet Phillip, Jr., names only Hamlet Phillip, Jr., as a claimant and describes only his injuries and the damage amounts claimed therefor. Plaintiff Stephanie Phillip is not named, mentioned, or alluded to anywhere in the said claim. Because the United States did not receive notice of Stephanie Phillip's claim for loss of consortium by way of the claim filed by Hamlet Phillip and the record is devoid of any evidence that Stephanie Phillip filed a separate administrative claim, the Court finds that it lacks jurisdiction over Stephanie Phillip's loss of consortium claim. *See, e.g., Diawara v. United States*, Civil Action No. 18-3520, 2019 U.S. Dist. LEXIS 57822, at *6 (E.D. Pa. Apr. 2, 2019) ("Because a loss of consortium claim is a separate and distinct cause of action, courts have held that the party asserting a loss of consortium claim must independently satisfy the FTCA's notice requirement." (citing *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (dismissing a wife's loss of consortium claim because her husband's administrative claim did not notify the Government that she was asserting a loss of consortium claim or state the amount of any claim she might have) (footnote and other citations omitted))). The Court also lacks diversity jurisdiction over this claim in the event it is asserted against Defendant Schelhorn, individually. *See* Note 1, *supra*.

denial of Plaintiff Hamlet Phillip, Jr.'s administrative claim and/or the date of such denial.[8] Moreover, the complaint in this matter was filed less than six months after the administrative claim was submitted. Absent any proof that Plaintiffs completely exhausted their administrative remedies prior to filing their complaint in the above-captioned matter, the Court finds that it does not have jurisdiction over this matter and will grant the motion to dismiss.[9] *See, e.g., Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005) (where the appellate court noted that the "District Court dismissed Hoffenberg's FTCA claim as unexhausted, as this claim was still pending before the BOP when Hoffenberg filed this suit in the District Court. *See* 28 U.S.C. § 2675(a)"). In the event, however, Plaintiffs can demonstrate that they completely exhausted their administrative remedies prior to September 13, 2019,[10] the Court will allow Plaintiffs to file an amended complaint. *Livingstone v. U-Haul Int'l*, No. 21-2131, 2022 U.S. App. LEXIS 3821, at *2 (3d Cir. Feb. 11, 2022) (where the court declares, "We have held that inadequate complaints should be dismissed without granting leave to amend only if amendment would be inequitable or futile," Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002), and the same rules

---

[8] While the United States filed a denial of scope of employment letter issued by WAPA, *see* ECF No. 40-1, it is not apparent from the face of the letter that it constitutes a written denial of Plaintiff Hamlet Phillip, Jr.'s administrative claim. If this letter qualifies as the written denial of the administrative claim, then, it is without question that Plaintiffs filed this proceeding prior to exhausting their administrative remedies and the Court lacks subject matter jurisdiction.

[9] Nowhere in the complaint or amended complaint do Plaintiffs allege exhaustion of administrative remedies. Nor do Plaintiffs address the issue in any other filings. It is well established that "[i]n responding to a Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of persuasion in establishing subject matter jurisdiction." *Isaac v. CNN Inc.*, C.A. No. 23-247 (MN), 2016 U.S. Dist. LEXIS 50241, at *4 (D. Del. Mar. 24, 2023) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, "[t]o sue the sovereign, plaintiff's allegations must invoke a valid waiver of sovereign immunity." *Isaac*, 2023 U.S. Dist. LEXIS 50241, at *5 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

[10] Plaintiffs filed their First Amended Complaint on August 18, 2020. While this date is beyond six months from the date of filing the administrative claim, such amended complaint is not considered when determining exhaustion of administrative remedies. The precedent established in this judicial circuit is that "[e]ven a subsequent amended complaint, filed after exhaustion of the administrative tort claim, does not cure the jurisdictional infirmity if the original complaint seeking tort damages was filed prior to exhaustion." *Zierke v. United States*, Civil Action No. 3:CV-14-0350, 2016 U.S. Dist. LEXIS 37149, at *16 (M.D. Pa. Mar. 22, 2016) (citing *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005) ("the date of the amended complaint cannot serve as the date the federal suit was 'instituted'")). Based upon the Third Circuit holding in *Hoffenberg*, the *Zierke* court concluded, "Thus, the Court is compelled to dismiss Plaintiff's FTCA claims for lack of jurisdiction because Plaintiff's original complaint was filed prior to the exhaustion of his administrative tort claim." (citing *Miller v. United States*, 517 F. App'x 62, 63 (3d Cir. 2013); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Robinson v. United States*, No. 3:13-CV-1106, 2014 U.S. Dist. LEXIS 88917, 2014 WL 2940454, at *6 (M.D. Pa. June 30, 2014)).

apply when the deficiency concerns the jurisdictional allegations . . . ." (other citations omitted)).

## IV.

Having reviewed the United States' motion to dismiss and having considered the premises therein, the Court will grant the motion, but, as explained hereinabove, bases its dismissal of the above-captioned matter for lack of subject matter jurisdiction upon Plaintiffs' failure to exhaust their administrative remedies. Accordingly, it is hereby

**ORDERED** that Defendant United States' Motion to Dismiss, (ECF No. 39), is **GRANTED** on other grounds; it is further

**ORDERED** that the First Amended Complaint, (ECF No. 33), is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that, in the event Plaintiffs choose to amend their complaint, they shall file with the Court such amended complaint **no later than April 3, 2024**; it is further

**ORDERED** that Defendants shall file answers or otherwise respond to any amended complaint **no later than April 17, 2024**; and it is further

**ORDERED** that all pending motions are **MOOT**.

**Dated:** March 19, 2024

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**