# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HAMLET R. PHILLIP, JR. and STEPHANIE PHILLIP, <br><br>  Plaintiffs, <br><br> v. <br><br> RHETT J. SCHELHORN and UNITED STATES OF AMERICA, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:19-cv-00072 |

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 105), filed October 3, 2024, and Motions to Reconsider or, Alternatively, Motion for Clarification (ECF No. 107 and re-filed at ECF No. 110), filed October 3, 2024, and October 9, 2024, respectively. The motions are ripe for adjudication. For the reasons stated below, the Court will deny both motions.

### I.

Plaintiffs initiated this action by filing a complaint against Rhett J. Schelhorn ("Schelhorn") and Western Area Power Administration on September 13, 2019, alleging injuries resulting from a vehicle collision involving Schelhorn. (ECF No. 1.) In response to a motion to dismiss filed by Schelhorn, Plaintiffs moved to amend their complaint to substitute the United States of America (the "United States") for Defendant Western Area Power Administration. Said motion was granted, and Plaintiffs filed their First Amended Complaint on August 19, 2020, alleging the same claims as contained in their original complaint. *See* ECF No. 33. The United States moved to dismiss the complaint for lack of subject matter jurisdiction. The Court granted the motion, finding that Plaintiffs had failed to exhaust their administrative remedies as required to bring their claims against the United States under the Federal Tort Claims Act ("FTCA"). *See* Order, entered March 19, 2024, at ECF No. 95. However, the Court allowed Plaintiffs to file an amended complaint to cure, if possible, the absence of any allegations of exhaustion of administrative remedies. Plaintiffs then filed a Second Amended Complaint on March 28, 2024. (ECF No. 96.) The United States and

Schelhorn each filed a motion to dismiss, again contending a failure to exhaust administrative remedies for purposes of the FTCA. Upon consideration, the Court granted the motions and dismissed the Second Amended Complaint without prejudice for lack of subject matter jurisdiction. *See* Order, entered September 10, 2024, at ECF No. 104. Thereafter, Plaintiffs filed the two motions currently before the Court.

## II.

### A. Federal Rules of Civil Procedure Rule 15

Federal Rules of Civil Procedure Rule 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend the pleadings generally is "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This "policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). As the *Dole* court notes, the Supreme Court, in *Foman*, "delineated factors which may weigh against amendment . . . includ[ing] undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id*. (quoting *Foman*, 371 U.S. 178 at 182). The party opposing the amendment bears the burden to show such factors. *Price v. Trans Union*, LLC, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010).

### B. Federal Rules of Civil Procedure Rule 59(e)

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment "no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of such a motion is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985)). The Third Circuit has held that "'a proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir.

1995)) (*quoted in Soly v. Warlick*, Civil No. 1991-0212; Civil No. 1995-0084, 2014 U.S. Dist. LEXIS 43971, at *15-16 (D.V.I. Mar. 31, 2014)).

This Court also has stated:

> Rule 59(e) permits a court to "alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008). "'Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.'" *Lusick v. City of Phila.*, 2013 U.S. Dist. LEXIS 40511, *3, [WL], at *1 (E.D. Pa. Mar. 21, 2013) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

*Soly,* 2014 U.S. Dist. LEXIS 43971, at *16.

### C. Local Rules of Civil Procedure Rule 7.3

The Court's Local Rules of Civil Procedure provide:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a). Under this rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. *Id.*; LRCi 6.1(b)(3). The Court has noted that the grounds for a motion for reconsideration enumerated in the local rule are the same as those considered for Rule 59(e) motions. *Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021). The *Simon* court further observes, regarding the third listed basis,

> [u]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court

> that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Id*; *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

Further, it is well established that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))).

### III.

**A. Motion for Leave to File Third Amended Complaint**

In the face of the dismissal of their Second Amended Complaint, Plaintiffs seek to file yet another complaint, amended to name only Schelhorn as a defendant and alleging diversity of citizenship jurisdiction. *See* 106 at 1, 106-1.[1] In his opposition, Schelhorn argues that this matter was dismissed and the statute of limitations has run. ECF No. 113 at 5. He also asserts that the motion "is unduly delayed and Plaintiffs repeatedly failed to cure deficiencies by amendments previously allowed." *Id*. Schelhorn maintains that he would be prejudiced if Plaintiffs are allowed to file a third amended complaint, noting that the underlying incident occurred in October 2017 and that "Plaintiffs are asking to file yet another amended complaint against Schelhorn after having failed to file a viable complaint in seven (7) years . . . ." *Id*. at 6. He also contends that the proposed third amended complaint is "futile because the amount in controversy requirement is not met." *Id*. at 7. Plaintiffs counter that they should be allowed to amend their complaint because, even though the statute of limitations has run, the proposed third amended complaint "relates back," because Schelhorn has known of Plaintiffs' claims. ECF No. 106 at 5. Regarding the amount in

---

[1] The Court notes that every one of Plaintiffs' filings currently before the Court fails to comply with the Court's Local Rules of Civil Procedure Rule 5.1, which requires that, in all documents filed with the Court, "[e]ach page shall be numbered consecutively." LCRi 5.1(a). Counsel and parties are reminded that "[i]n addition to sanctions under its inherent authority or other statute or rule, the Court may impose sanctions for violation of *any* Local Rule." LRCi 11.2 (emphasis added).

controversy, Plaintiffs declare that they "have alleged damage to their vehicle, physical injury, pain and suffering, mental anguish, medical expenses, lost wages, lost companionship, and lost consortium" sufficient to establish the jurisdictional amount. ECF No. 115 at 4.

It cannot be disputed that this matter has been dismissed. The Court's September 10, 2024 Order clearly dismisses the matter in its entirety and does not grant leave to amend. (ECF No. 104 at 5.) Even though the dismissal was without prejudice, the "without prejudice" simply means that the Plaintiffs could refile and institute another suit. *See, e.g., Su Zhou Tian Lu Steel Co., Ltd. v. Sherman Int'l Corp.*, Civil Action No. 07-1323, 2007 U.S. Dist. LEXIS 93344, at *4 (W.D. Pa. Dec. 12, 2007) ("'Dismissal without prejudice' means that Plaintiff is not prohibited from refiling its lawsuit." (citing *Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 990 n.14 (10th Cir. 2007) (citations omitted)). At the same time, the

> "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). Therefore, the dismissal of a complaint without prejudice after the statute limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint. *Ahmed*, 297 F.3d at 207.

*Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005).

In the Virgin Islands, the statute of limitations for tort claims is two years. 5 V.I.C. § 31(5)(A). Here, the underlying incident occurred in October 2017. Thus, the statute of limitations has run as to the claims contained in Plaintiffs' proposed Third Amended Complaint. Any refiling of the complaint would be subject to dismissal. Moreover, as discussed *infra*, because the matter was dismissed without granting leave to amend and the statute of limitations had run at the time of the entry of the order at issue, the order is treated as a final judgment for purposes of Rule 59(e). Technically, then, there is no complaint to amend. Thus, the motion must be denied.

In an abundance of caution, in the event a motion to amend is procedurally valid and may be entertained by the Court, the Court finds that Plaintiffs are not entitled to amendment under Rule 15 because of undue delay and their repeated failure to cure deficiencies by

amendments previously allowed.[2] In view of such undue delay and failures to cure, the filing of a third amended complaint also would prejudice Schelhorn. Consequently, the Court will deny the motion.

### B. Motion to Reconsider or, Alternatively, Motion for Clarification

Plaintiffs frame their motion as one requesting "reconsideration and/or clarification that the Court's September 10, 2024 Order does not purport to dismiss any action against Defendant Schelhorn individually." ECF No. 111 at 5.[3] Plaintiffs specifically bring their motion under Rule 59(e) of the Federal Rules of Civil Procedure, asserting that reconsideration "is necessary to correct clear legal error or prevent manifest injustice." *Id*. at 3. Schelhorn opposes on the grounds that the motion is untimely under LRCi 7.3, but, in the event the Court considers the motion, that Plaintiffs fail to "identify a clear error or any manifest injustice." ECF No. 114 at 4.

To begin, the Court first must determine whether the motion should be analyzed under Fed. R. Civ. P. 59(e) or LRCi 7.3. Even though the standards of review are the same for each rule, the time periods for filing are different, namely, Rule 59(e) allows such motions to be filed within 28 days from the entry of judgment, while LRCi 7.3 motions must be filed within 14 days. In addition, Rule 59(e) applies only to judgments, but any order of the Court may be the subject of a LRCi 7.3 motion.

According to the Third Circuit Court of Appeals,

> [w]hile "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002), "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice," unless the District Court grants "leave to amend within a time certain," which did not happen here. Brennan v.

---

[2] The Court notes, without deciding, that whether the proposed Third Amended Complaint sufficiently alleges the amount in controversy for purposes of diversity jurisdiction is a close call.

[3] At the same time, Plaintiffs acknowledge that the "[d]ismissal of Plaintiffs' Second Amended Complaint was without prejudice. This is because the Court's judgment was not a ruling on the merits." ECF No. 111 at 5. It is axiomatic that

> [w]hen a court dismisses a case for lack of subject matter jurisdiction, the "res judicata effect" of such a decision "is limited to the question of jurisdiction," and, because it is not an adjudication on the merits, "[t]he disposition of such a case [should] . . . be without prejudice."

*Malhan v. Beyer*, No. 23-3264, 2024 U.S. App. LEXIS 32840, at *2-3 (3d Cir. Dec. 30, 2024) (quoting *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155-56 (3d Cir. 1997) (internal quotation and citation omitted)). Thus, the Court is at somewhat of a loss to understand the basis of Plaintiffs' motion to reconsider.

>Kulick, 407 F.3d 603, 606-07 (3d Cir. 2005). After the statute of limitations has run, an unconditional dismissal is considered final. Id. at 606.

*Atkinson v. Middlesex Cnty.*, 610 Fed. App'x 109, 111-112 (3d Cir. 2015). (footnote omitted). Because the order of dismissal was entered after the statute of limitations had run and did not grant Plaintiffs leave to amend, the Court applies the time for filing under Rule 59(e); thus, the motion is timely.

Turning to whether Plaintiffs have provided adequate grounds for their request for relief, the Court finds that Plaintiffs have failed to identify any error or manifest injustice. Although they claim that the September 10, 2024 Order is not clear as to any claims against Schelhorn individually, the order not only specifically grants Defendant Schelhorn's motion to dismiss, but also dismisses the action entirely. Any failure by the Court to mention claims against Schelhorn individually stems from Plaintiffs' pleading deficiencies, since, as they note, the Second Amended Complaint alleged only federal question jurisdiction. ECF No. 111 at 4. Assuming *arguendo*, as Plaintiffs claim, the Second Amended Complaint also alleged diversity of citizenship, in the absence of any allegation to support an amount in controversy and the joinder of the United States of America as a defendant, diversity jurisdiction did not lie for the same reasons the Court articulated in its order dismissing Plaintiffs' First Amended Complaint. *See* Order (ECF No. 95), entered March 19, 2024, at 2 n.2.[4,5] Consequently, the

---

[4] In fact, Plaintiffs even cite the Court's March 19, 2024 Order, where the Court notes that any attempt to allege diversity of citizenship jurisdiction in its First Amended Complaint fails due to the "'absence of any allegation regarding the amount in controversy and because the United States is not considered as a citizen for purposes of diversity jurisdiction.'" ECF No. 111 at 4 (quoting Order (ECF No. 95), entered March 19, 2024, at 2 n.2). The footnote states in full:

>Section 1332 of Title 28 of the United States Code governs diversity of citizenship jurisdiction, not federal question jurisdiction, which is found in Section 1331. The Court believes this citation to be a typographical error because of the clarifying clause that follows that citation and the lack of any allegation in the FAC concerning an alleged amount in controversy. In the event Plaintiffs attempt to allege diversity jurisdiction, such basis for jurisdiction fails because of the absence of any allegation regarding the amount in controversy and because the United States is not considered as a citizen for purposes of diversity jurisdiction. *See, e.g., Harpster v. FBI*, 8:22CV97, 2022 U.S. Dist. LEXIS 126932, at *3 (D. Neb. 18, 2022) ("[T]he United States and its agencies are not citizens for diversity purposes and cannot be sued in diversity." (collecting cases)). Therefore, the Court cannot exercise diversity jurisdiction. Hence, the Court address only federal question jurisdiction herein."

Order (ECF No. 95), entered March 19, 2024, at 2 n.2.

[5] Plaintiffs' failure to recognize why they are not entitled to reconsideration further supports the Court's finding that they are not entitled to amend their complaint because of their repeated failures to cure deficiencies by amendments previously allowed.

*Phillip et al. v. Schelhorn et al.*
Case No. 3:19-cv-00072
Order
Page 8 of 8

Court did not err when finding it lacked jurisdiction and dismissed the Second Amended Complaint.

## IV. CONCLUSION

As set forth herein, the Court finds that Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 105) should be denied for undue delay, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party if allowed to amend. In addition, the Court finds that reconsideration and/or clarification of the Court's September 10, 2024, Order is not warranted. Accordingly, is it hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint, ECF No. 105, is **DENIED**; it is further

**ORDERED** that Plaintiffs' Motions to Reconsider or, Alternatively, Motion for Clarification, ECF No. 107 and re-filed at ECF No. 110, are **DENIED**.

**Dated:** June 10, 2025                               */s/ Robert A. Molloy*
                                                                     **ROBERT A. MOLLOY**
                                                                     **Chief Judge**